IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RUSTY T. LONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-06-103-L |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying his application for disability insurance benefits. United States District Judge Tim Leonard has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

**I.  PROCEDURAL HISTORY**

Plaintiff filed his application for disability insurance benefits on July 23, 2003, alleging a disability onset of March 15, 2003. Tr. 37. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 17, 18, 19-21, 24-25. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on April 20, 2005. Tr. 26, 157-70. Plaintiff appeared with his attorney, and he offered testimony in support of his application. Tr. 159-67. A vocational

expert also testified at the request of the administrative law judge. Tr. 32, 167-69. The administrative law judge issued his decision on June 24, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was thus not entitled to benefits. Tr. 8-10, 11-15. The Appeals Council denied Plaintiff's request for review on December 5, 2005, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 3-6.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the

claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

**III.  DECISION OF THE ADMINISTRATIVE LAW JUDGE**

In determining that Plaintiff was not disabled, the administrative law judge apparently followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. He found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 14. At steps two and three, the administrative law judge found that Plaintiff suffers from chronic back pain and major depression, and that although his impairments were severe, that they were not severe enough to meet or equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. Tr. 11, 14. The administrative law judge specifically noted that he had considered listings contained in Sections 1.00 and 12.00 of Appendix 1. Tr. 11. At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff had the residual functional capacity to perform a wide range of sedentary work, limited by his need to avoid more than occasionally bending forward at the waist, bending at the knees to come to rest on the knees, and bending downward by bending his legs and spine. Tr. 13. The administrative law judge also found that Plaintiff was limited by his need for simple, unskilled 1-2 step repetitive tasks, and his need to work in relative isolation with limited contact with peers and supervisors. Tr. 13. Based upon this residual functional capacity, the administrative law judge found that Plaintiff could not perform his past work as a security guard, landscape laborer, delivery driver, and detention officer. Tr. 13. At step five, relying upon the Medical-Vocational Guidelines as a framework, and the testimony

of a vocational expert, the administrative law judge found that there are a significant number of jobs in the region that a person with Plaintiff's residual functional capacity and vocational factors could perform, in particular that of order clerk, ticket checker, and surveillance system monitor, Tr. 13, 14. Accordingly, the administrative law judge found that Plaintiff was not under a disability at any time through the date of the decision. Tr.13, 15.

## IV. DISCUSSION

### A. ISSUES ON APPEAL

Plaintiff raises two issues on appeal. First, he claims that the evidence supported the fact that he suffers from severe, medically determinable impairments that prevent him from substantial gainful activity, and that the administrative law judge's credibility determination was in error. Plaintiff's Opening Brief, p. 3. Second, he claims that the administrative law judge did not carry his burden in identifying jobs Plaintiff could still do consistent with his impairments. Id. at 4.

### 1. Evidence of Plaintiff's Impairments

As noted above, Plaintiff's first point of error is that based upon the evidence of his severe chronic back pain and his major depression, he cannot be expected to meet the exertional or nonexertional demands of full-time work. In particular, he contends that the claims representative who took his application for benefits noted that he walked with a limp, was uncomfortable when sitting, and leaned on the chair arm alot. He suggests that the administrative law judge's "overlook of this proof was in error." Id. at 4. He claims that the administrative law judge's "challenge to the credibility of [his] pain …

appears misplaced." Id.  He also asks the Court to "then consider the adverse effects of the mental ailments" he faces as well as the fact that his mental health caregivers noted his chronic back pain history.  Id.

The Commissioner responds that the administrative law judge properly evaluated his subjective complaints of pain, and that the fact that Plaintiff cannot work without some pain or discomfort is not sufficient to award benefits. Commissioner's Brief, p. 5-6.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1.  Such credibility determinations are peculiarly the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same).  Some of the factors that may be considered in assessing a claimant's credibility as to his disabling pain include (1) his daily activities; (2) the location, duration, frequency, and intensity of his pain; (3) factors that precipitate and aggravate the pain; (4) the type, dosage, effectiveness, and side effects of any medication he receives or has received for relief of pain; (5) treatment, other than medication, the claimant has received for relief of pain; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms.  Social Security Ruling 96-7p, 1996 WL 374186, * 3; 20 C.F.R. §§ 404.1529(c)(3); Luna v.

Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id.  Here, the administrative law judge acknowledged the governing standard and then concluded:

> Claimant has some musculokeletal problems however they do not significantly diminish his physical capability.  His [sic] has normal range of motion in all his joints.  He has no cardiovascular problems, breathing difficulty, or neurological deficits, Claimant does experience some back pain however it is not totally limiting.  Dr. Fegel [sic] examined claimant medical record and concluded that he can sit for 6 hours out of an 8 hour workday and engage in occasional stooping, crawling, kneeling and climbing.  Claimant has no environmental, communicative, visual, or manipulative limitations.  The evidence does not indicate that claimant suffers from the side effects of medication resulting in an inability to work.  There is no indication that his daily activities are curtailed to an extent that would suggest an inability to engage in all work activity.  In fact claimant mows his yard.  Claimant no doubt experiences some pain and discomfort, however the Administrative Law Judge is simply not persuaded that it rises to a level of severity, and is of such duration and intensity so as to preclude her [sic] from engaging in all substantial gainful activity (SSR 96-7p).

Tr. 12-13.  The administrative law judge had previously noted that Plaintiff reported to consultative examiner Robert D. Tobias, M.D., that he had not seen a doctor since 1995. Although the administrative law judge's analysis is admittedly brief, the record itself is quite bare as well. There is in fact little support for Plaintiff's claim of disabling pain. The facts that Plaintiff sought no medical treatment for over eight years, and took only over-the-counter medications are perhaps most telling. Although the administrative law judge did not specifically note the observations of the claims representative or the fact that back pain was included as part of Plaintiff's history by his mental health practitioners, he nonetheless recognized that Plaintiff suffers from some discomfort as

6

a result of his impairments, and included certain limitations in the RFC assessment related to his chronic back pain. Tr. 13. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988) (disability requires more than mere inability to work without pain). Thus, the undersigned finds that the administrative law judge's credibility analysis is sufficient and is supported by substantial evidence.

As for the "adverse effects" of Plaintiff's mental ailments, the administrative law judge obviously did consider these in formulating the RFC assessment. He limited Plaintiff to "simple, unskilled 1-2 step repetitive tasks" and to "work in relative isolation with limited contact with peers and supervisors." Tr. 13. Plaintiff points to no evidence supporting any other limitation that should have been included in the RFC assessment, and none is apparent from the record. In light of the foregoing, the undersigned recommends that Plaintiff's first claim of error be rejected.

**2. Administrative Law Judge's Failure to Carry Burden at Step Five**

As his next claim of error, Plaintiff contends that the administrative law judge failed to show how he could hold the jobs identified by the vocational expert, and also erred in using the Medical-Vocational guidelines in reaching his decision. Plaintiff's Opening Brief, p. 4-5. He claims that because his non-exertional impairments diminish his RFC to less than the full range of sedentary work, he has proven the fact that he cannot perform the duties required for sustained work activity. He also claims the presence of nonexertional impairments preclude the administrative law judge's use of the Medical-Vocational guidelines.

The Commissioner responds that the administrative law judge here found that Plaintiff was able to perform sustained work activity, as the RFC includes a finding that the individual can perform work activities "on a regular and continuing basis." Commissioner's Brief, p. 9 (citing Social Security Ruling 96-8p and 20 C.F.R. § 404.1545). She also distinguishes a case relied upon by Plaintiff in support of his claim that the case should be remanded on the basis that there is not finding regarding his ability to engage in sustained work activity, Washington v. Shalala, 37 F.3d 1437 (10th Cir. 1994), because in that case there was a finding of a severe mental disorder with no concomitant mental limitations in the RFC. Here, she contends, the administrative law judge did include some limitations related to Plaintiff's mental impairment in his RFC finding, making it clear that he did not find Plaintiff's mental impairment to prevent sustained work activity. Commissioner's Brief, p. 9. The Commissioner also contends that a finding for less than a full range of sedentary work does not establish an inability to work. Commissioner's Brief, p. 10 (citing Social Security Ruling, 96-9p). Finally, the Commissioner points out that the administrative law judge only used the Medical-Vocational guidelines as a framework for decision making, which is permissible even when the claimant has nonexertional impairments. Commissioner's Brief, p. 10.

The undersigned agrees with the Commissioner that the administrative law judge did find that Plaintiff was capable of working on a sustained basis, as an RFC finding is a finding regarding a claimant's ability "for work activity on a regular and continuing basis." See 20 C.F.R. § 404.1545(b) and (c). Moreover, in the two hypotheticals posed to the vocational expert, only the second contained a limitation related to a claimant's

need to "be away from the work station two to three hours a day on a consistent basis" as the result of chronic pain. Tr. 168. As this limitation *was not* included in the RFC finding, the administrative law judge obviously considered Plaintiff capable of sustained work.

The Commissioner is also correct that a finding for less than a full range of sedentary work does not establish disability:

> However, a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.

Social Security Ruling 96-9p, 1996 WL 374185, *1.

Finally, the Commissioner is correct that it is proper for the administrative law judge to use the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Regulations (grids) as a "framework" for decision making, even in the face of Plaintiff's nonexertional limitations. The Social Security Administration has adopted a regulatory framework which allows an administrative factfinder to take notice of the agency's Medical-Vocational Guidelines, or "grids," in ascertaining the availability of jobs at the fifth step of the sequential evaluation procedure. The grid's "table rules reflect the potential occupational base of unskilled jobs for individuals who have severe impairments which limit their exertional capacities." SSR 85-15, 1985 WL 56857, at * 1. "When a claimant's exertional level, age, education, and skill level (i.e., work experience) fit precisely within the criteria of a grid rule, an [administrative law judge] may base a determination of nondisability conclusively on the grids." Haddock v. Apfel, 196 F.3d

9

1084, 1088 (10th Cir. 1999). When nonexertional limitations are present, such as here, the grids are appropriately used as a framework to determine whether a sufficient number of jobs exist that the claimant can perform. Huston v. Bowen, 838 F. 2d 1125, 1131(10th Cir. 1988). Here, the administrative law judge specifically stated that he was only using the grids as a framework for decision making, Tr. 13, and then considered the testimony of a vocational expert in finding that there are a significant number of jobs that a person with Plaintiff's RFC and vocational factors could perform. Tr. 13. Accordingly, the undersigned finds no error at step five of the administrative law judge's decision.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 12, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 23rd day of August, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE